# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> RICARDO SOSA, <br><br> Defendant. | No. 21 CR 672 <br><br> Judge John F. Kness |

## MEMORANDUM OPINION

District judges are regularly presented with criminal defendants on pretrial release who elect to plead guilty. Many of those defendants have been free on bond during the pendency of their cases; a result, of course, of the presumption that detention before guilt is established is the exception, not the norm. *United States v. Salerno*, 481 U.S. 739, 755 (1987). But once a defendant's guilt is established—either because of a guilty verdict or because the defendant has admitted guilt—the presumption flips, and it is the defendant who must justify his continued freedom if a term of imprisonment is recommended by the Sentencing Guidelines. In the ordinary case, that burden requires the defendant to establish, by "clear and convincing evidence," that the defendant "is not likely to flee or pose a danger to the safety of any other person or the community if released . . . ." 18 U.S.C. § 3143(a).

Where a defendant has, however, been found guilty of certain serious offenses (including many drug offenses), Section 3143 imposes a greater burden: the defendant must immediately be taken into custody to await sentencing unless the defendant

can show, not only that he presents no significant flight risk or danger to the community, but also that he is likely to win a directed acquittal (or a new trial) or that the Government will recommend no sentence of imprisonment. 18 U.S.C. § 3143(a)(2). This unambiguous language seemingly vests no discretion in the trial judge's hands. Unless the statutory preconditions are met, detention is mandatory and immediate upon a finding of guilt.

But just two code provisions later, Section 3145 offers what several courts have found to be an alternate source of relief: a person "subject to detention pursuant to section 3143(a)(2) or (b)(2), and who meets the conditions of release set forth in section 3143(a)(1) or (b)(1), may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are *exceptional reasons* why such person's detention would not be appropriate." 18 U.S.C. § 3145(c) (emphasis added). Multiple decisions suggest that this language provides a tool to avoid the strictures of Section 3143(a)(2). *See, e.g., United States v. Kaquatosh*, 252 F. Supp. 2d 775, 776 (E.D. Wis. 2003).

This case presents the question of which standard to apply: Section 3143(a)(2), the "exceptional reasons" standard of Section 3145(c), or some combination of the two? Defendant Ricardo Sosa pleaded guilty to a serious drug offense but sought to remain free on bond pending his sentencing. Following briefing from the parties and an examination of the relevant statutory text, as well as judicial decisions interpreting those provisions, the Court orally denied Defendant's motion to remain free on bond at his recent sentencing hearing. This opinion seeks to provide a fuller explanation of the reasons why the Court denied Defendant's request.

## I. BACKGROUND

On August 3, 2022, Defendant Ricardo Sosa pleaded guilty to knowingly and intentionally distributing five kilograms or more of cocaine in violation of 21 U.S.C. § 841(a). That offense carries a maximum term of imprisonment of life, meaning that Defendant falls within the mandatory-detention coverage of Section 3143(a)(2). At Defendant's change of plea hearing, the Court explored with counsel whether Defendant should be detained. Based on Defendant's appeal to the exceptional reasons standard of Section 3145(c), the Court (Dkt. 34) invited Defendant to file a motion for pretrial release (*see* motion at Dkt. 37) and set a detention hearing. In the interim, the Court stayed the execution of detention pending resolution of Defendant's motion.

On February 15, 2023, the Court conducted a sentencing hearing at which it addressed Defendant's pending motion to remain free on bond, as well as Defendant's oral motion to remain free on bond pending his surrender to the Bureau of Prisons. At the conclusion of the sentencing hearing,[1] the Court orally denied Defendant's motion for continued release and explained that this opinion was forthcoming.

## II. DISCUSSION

### A. Statutory Text and Relevant Judicial Decisions.

Several provisions of the federal criminal code apply when a judge must determine whether a guilty defendant must be detained. Under Section 3143(a)(2), a defendant who has been found guilty of a drug offense for which the maximum

---

[1] As reflected in the separate judgment and commitment order, the Court sentenced Defendant to 48 months of imprisonment followed by a three-year term of supervised release.

potential sentence includes ten years or more of imprisonment must immediately be taken into custody to await sentencing unless the defendant can meet the statutory exceptions. Section 3143(a)(2) requires a defendant seeking presentencing release to show that he or she presents no significant flight risk or danger to the community *and* is likely to win a directed acquittal (or a new trial), or that the Government will recommend no sentence of imprisonment. 18 U.S.C. § 3143(a)(2).

Section 3145(c), on the other hand, applies to defendants "subject to detention pursuant to section 3143(a)(2) or (b)(2)." This provision allows defendants who meet the conditions of release set forth in Section 3143(a)(1) or (b)(1) to be released by the judicial officer "if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate."

Some historical context helps explain the interplay between Sections 3143(a)(2) and 3145(c). At one time, the Bail Reform Act of 1984 required defendants seeking release pending sentencing to show "by clear and convincing evidence" only that they were not likely to flee or pose a danger to the safety of any other person or the community if released. PL 98–473, October 12, 1984, 98 Stat 1837. But the Crime Control Act of 1990 amended the Bail Reform Act to add a different standard for defendants found guilty of a serious drug offense. In addition to demonstrating that he is not likely to flee or pose any danger, a defendant now must also show that he is likely to win a directed acquittal (or a new trial) *or* that the Government will recommend no sentence of imprisonment. *See* Crime Control Act of 1990, P.L. No. 101-647, § 902, 104 Stat. 4826, 4827 (1990). In addition, the Crime Control Act of 1990 amended Section 3145(c) by adding the following: "A person subject to detention

pursuant to section 3143(a)(2) or (b)(2), and who meets the conditions of release set forth in section 3143(a)(1) or (b)(1), may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate." Left unexplained in these revisions was whether the detailed requirements of Section 3143(a)(2) could be applied in harmony with the more open-ended discretion provided by Section 3145(c)—and, if so, how.

As numerous judicial decisions have noted, *see, e.g., United States v. Salome*, 870 F. Supp. 648, 651–52 (W.D. Pa. 1994), this textual opacity is compounded by the title of Section 3145(c): "Appeal from a release or detention order." That language suggests that Section 3145(c) ought to apply only when a defendant has appealed an order of detention.

A decision of the Seventh Circuit has addressed, if only indirectly for present purposes, the interplay between Sections 3143 and 3145. In *United States v. Herrera-Soto*, the defendant was convicted of conspiring to distribute cocaine. 961 F.2d 645, 646 (7th Cir. 1992). After the district court sentenced him to 63 months of imprisonment, the defendant appealed his conviction to challenge a supplemental jury instruction. *Id.* Pending his appeal, the defendant asked the district court to release him under Sections 3143(b) and 3145(c). *Id.* Although the district court found that the defendant did not pose a risk of flight or danger to the community and had raised a substantial issue on appeal likely to result in a reversal or order of new trial, as well as that the issue on appeal provided an "exceptional reason" for release, the

court held that it lacked the power under Section 3145(c) to order the defendant's release. *Id.*

On appeal, the Seventh Circuit affirmed the decision to detain the defendant but grounded that decision on the defendant's failure to show "exceptional reasons" justifying his release. *Id.* at 647. In summarizing the Bail Reform Act, the Court noted that detention is mandated "for persons convicted of crimes violence, crimes with a life sentence and drug crimes with a maximum sentences of ten years of more." *Id.* at 647. As the court explained, the relevant provisions set forth a two-step inquiry: first, a defendant who is proceeding on appeal must meet the requirements for release under Section 3143(b)(1); only then may a court proceed to consider whether "there are *exceptional reasons* why such a person's detention would not be appropriate." *Id.*

*Herrera-Soto* then discussed the title of Section 3145 and concluded that "although the provision for release from mandatory detention appears in a section titled 'Appeal from Release or Detention Order,' " Section 3145(c) "should be read in conjunction with the portion of the statute outlining the general procedures for release pending appeal"—meaning that Section 3145(c) allows release pending appeal more broadly, not just while an appeal of the detention issue is pending. *Id.* Finally, the Court interpreted "judicial officer" in Section 3145(c) to encompass "both lower courts and courts of appeal[s]." *Id.* Of relevance here, however, the Seventh Circuit did not explicitly state that Section 3145(c) offers an avenue to release absent *any* appeal.

Some courts outside of this Circuit have criticized *Herrera-Soto*'s treatment of the title language of Section 3145(c). For example, in *United States v. Bao Deng Chen*,

6

a judge of the Southern District of New York criticized the portion of *Herrera-Soto* explaining that any judicial officer—not just an appellate court—can grant release under Section 3145(c). 257 F. Supp. 2d 656 (S.D.N.Y. 2003). Other district court decisions have similarly criticized those decisions (including *Herrera-Soto*) that construe Section 3145(c) as allowing any judge to grant release based on exceptional circumstances. *See United States v. Salome*, 70 F. Supp. 648, 651–52 (W.D. Pa. 1994); *United States v. Cochran*, 640 F. Supp. 2d 934, 936 (N.D. Ohio, Feb. 13, 2009); United States v. Chen, 257 F. Supp. 2d 656, 659–60 (S.D.N.Y. Mar. 28, 2003); *but see United States v. Meister*, 744 F.3d 1236, 1237–38 (11th Cir. 2013). But as a decision of the Seventh Circuit, of course, *Herrera-Soto*'s holding is binding on this Court.

Some other courts in this Circuit, however, have read *Herrera-Soto* broadly—even to the extent of finding that it authorizes the application of Section 3145(c) to release a defendant detained under Section 3143(a)(2) before sentencing and absent an appeal. *See, e.g., Kaquatosh,* 252 F. Supp. 2d at 776; *United States v. Superson,* 1997 U.S. Dist. LEXIS 23628, at *5 (N.D. Ill. Apr. 24, 1997). As those judges have held, Section 3145(c)'s exceptional circumstances analysis can apply to defendants pending sentencing, even if there is no pending appeal, because Section 3145(c) must be read under *Herrera-Soto* as a general provision providing relief from mandatory detention under the Bail Reform Act. *See Kaquatosh*, 252 F. Supp. 2d at 776.

As this summary reflects, it is settled that, for a defendant who has pleaded guilty to a drug offense punishable by ten years or more of imprisonment: (1) Section 3143(a)(2) requires a defendant to be detained following a finding of guilt unless certain limited exceptions apply; (2) a defendant who has filed an appeal may seek

7

release on bond if the defendant can show "exceptional reasons why such person's detention would not be appropriate"; and (3) a defendant seek make that request of any "judicial officer," not merely the Court of Appeals. *Herrera-Soto*, 961 F.2d at 647. Beyond that established framework, however, some decisions go farther and hold that a court can order a defendant's release under Section 3145(c), even in the absence of an appeal and before sentence is imposed, if the defendant can satisfy the "exceptional reasons" standard. *Kaquatosh*, 252 F. Supp. 2d at 776.

In this Court's view, it is unwarranted to apply the "exceptional reasons" standard in all instances to avoid the strictures of Section 3143(a)(2). As explained below, allowing courts to apply the "exceptional reasons" standard when sentencing is pending and absent an appeal is neither compelled by *Herrera-Soto* nor fully consonant with the text and structure of Sections 3143(a)(2) and 3145(c). On the contrary, it is more textually faithful to hold that the "exceptional reasons" standard is unavailable outside the context of review or appellate proceedings.

### B. Section 3145(c) Does Not Provide an Independent Avenue for Release Pending Sentencing.

It is undisputed that Defendant's guilty plea triggered the mandatory detention requirement of Section 3143(a)(2). But Defendant promptly sought to avoid the plain terms of Section 3143(a)(2) by invoking the "exceptional reasons" standard of Section 3145(c). Defendant filed his motion after the Court entered a finding of guilt (based on the guilty plea) but before sentencing—and in the absence of any pending appeal. This sequence thus squarely presents the threshold question whether Section 3145(c)'s "exceptional reasons" standard can be applied in the first instance.

8

Although the issue is hardly free of doubt, the Court holds that Section 3145(c) is not an available remedy for a defendant who seeks release from a mandatory detention order while awaiting sentencing. Put another way, a qualifying conviction brings Section 3143(a)(2) into play, but not Section 3145(c) absent review or appellate proceedings. Several reasons support this view.

As a threshold matter, the title language found in Section 3145 should not be lightly discounted. Section 3145 itself is captioned "Review and appeal of a release and detention order." Subsection (c), in turn, is captioned "Appeal from a Release or Detention Order." Although not conclusive, that language at least suggests that the "exceptional reasons" caveat was intended to apply on review or appeal of a detention order, not as a standard wholly independent of Section 3143(a)(2). Language in a title is not surplusage; on the contrary, as the Supreme Court explained in *Almendarez-Torres v. United States*, the "title of a statute and the heading of a section are tools available for the resolution of a doubt about the meaning of a statute." 523 U.S. 224, 234 (1998) (cleaned up); *see also United States v. Fisher*, 6 U.S. (2 Cranch) 358, 386 (1805) (Marshall, C.J.) ("Where the mind labors to discover the design of the legislature, it seizes every thing from which aid can be derived; and in such case the title claims a degree of notice, and will have its due share of consideration."). For Section 3145, the heading suggests when the provision is to apply: on review or appeal.

More broadly, treating Section 3145(c) as an independent ground for release, available even in the absence of review proceedings, threatens to render superfluous the requirements of Section 3143(a)(2). It is certainly possible that Congress intended

for the "exceptional reasons" standard of Section 3145(c) to constitute a separate avenue of relief available to all defendants who cannot meet Section 3143(a)(2)'s requirements. If that is correct, however, it was an odd choice to place the "exceptional reasons" standard apart from Section 3143 and in a statute that addresses the review of detention orders. If Congress intended for the "exceptional reasons" standard to apply once a defendant is found guilty but before sentencing and absent an appeal, it would have been simpler and clearer to include that language in Section 3143. This disconnect and the title language of Section 3145(c), taken together, cause the Court to doubt that the "exceptional reasons" standard should apply from the get-go. *See, e.g.*, *Moskal v. United States*, 498 U.S. 103, 109-10 (1990) (courts should "give effect, if possible, to every word and clause of a statute").

It is true that *Herrera-Soto* did not consider the title of Section 3145(c) to be fully controlling. Despite Section 3145(c) being titled "Appeal from a Release or Detention Order," the Seventh Circuit concluded that Section 3145(c) could apply if any appeal were pending, not just an appeal of a detention issue. *Herrera-Soto*, 961 F.2d at 647 ("The statute does not indicate that Congress intended that a person having 'exceptional reasons' sufficient to override mandatory detention should be limited to a period of release only while an appeal of the detention issue is pending . . . . The statute authorizes a judicial officer, under appropriate conditions, to order release pending appeal."). By the same token, however, neither did *Herrera-Soto* squarely address detention following a guilty plea without a pending appeal. *Herrera-Soto*'s defendant had already filed an appeal, and the Seventh Circuit

construed the title language of Section 3145(c) within that context.[2] *Herrera-Soto* thus did not explicitly authorize district courts to engage in a Section 3145(c) analysis if there is no pending review or appellate proceedings.

Because Section 3143 and a pending appeal are threshold requirements that must be met before courts can begin the "exceptional circumstances" analysis under Section 3145, it would be inappropriate to consider whether there are exceptional circumstances meriting release when no appeal is pending. *See Herrera-Soto*, 961 F. 2d at 647 ("[Section 3145(c)] should be read in conjunction with the portion of the statute outlining the general procedures for release pending appeal."). This text-based limitation undoubtedly puts defendants who pleaded guilty in a difficult position. A defendant who has pleaded guilty is unlikely to qualify for presentencing release under Section 3143(a)(2), either because the defendant cannot file a motion for a new trial or a motion for acquittal (there was no trial) or because the Government is seeking a term of imprisonment. And because the defendant is awaiting the imposition of his sentence, there is no final judgment of conviction yet to appeal.

---

[2] Quoting *United States v. Carr*, 947 F.2d 1239, 1240 (5th Cir. 1991), *Herrera-Soto* noted without further examination that Section 3145(c) was "included as an avenue of relief from the mandatory detention provisions[.]" 961 F.2d at 647. Some courts have interpreted this language to mean that Section 3145(c) can apply outside the context of an appeal; indeed, *Carr* held that explicitly. 947 F.2d at 1240 (Section 3145(c) can apply "in the first instance."). Despite being entitled "appeal from release or detention order," *Carr* saw "no reason why" Section 3145(c) could not be applied "by the judicial officer initially ordering such mandatory detention." *Id.* But that reading did not grapple with the title of Section 3145, the subtitle of Section 3145(c), placement of the "exceptional reasons" standard in a provision dealing with review and appellate proceedings, and the clear and explicit command of Section 3143(a)(2).

11

All of this means that a defendant who has pleaded guilty but not yet been sentenced is bound, in the first instance, to the test under Section 3143(a)(2). This approach remains faithful both to the entirety of the statutory scheme and to the mandate of *Herrera-Soto*.[3] In reaching this holding, though, the Court is acutely aware that the answer is not ineluctable. Statutory language in internal tension, combined with a lack of on-point and binding appellate authority, requires the Court to attempt to divine the rule as best it can. In the absence of a statutory fix, further instruction from the Court of Appeals may provide more fulsome guidance in the future.

For now, however, because the Court holds that the "exceptional reasons" test should not be applied outside of the review of a detention order or an appeal, Defendant could not rely upon that standard once guilt was established through his guilty plea. Accordingly, the Court turns to the merits of whether the detention of Defendant was required under Section 3143(a)(2).

### C. Section 3143(a)(2) Requires that Defendant be Detained.

As the Court explained at Defendant's sentencing hearing, Defendant must be detained under Section 3143(a)(2). Defendant pleaded guilty to distributing 5 kilograms or more of cocaine, which bears a maximum potential term of

---

[3] To employ the "exceptional reasons" standard before an appeal could also erode Section 3143(a)(2) by applying a looser and more subjective test that, by its very terms, should be applied only as an exception. As explained above, the inclusion of "exceptional reasons" within Section 3145—a provision that addresses the review of detention orders—cuts against any finding that the "exceptional reasons" standard should stand shoulder-to-shoulder with Section 3143(a)(2)'s mandatory provisions. Especially because defendants often do not challenge detention orders, it is reasonable to infer that the Crime Control Act of 1990 was intended only to vest a modicum of additional detention discretion with reviewing judges taking a fresh look at a defendant's circumstances, and only in exceptional cases.

imprisonment of life. That statutory punishment easily meets the threshold for applying the mandatory detention requirement of Section 3142(a)(2). *See* 18 U.S.C. §§ 3143(a)(2), 3142(f)(1)(B) & (C).

Conversely, Defendant failed to satisfy either of the prerequisites under Section 3143(a)(2)(A). Because Defendant pleaded guilty, there was no occasion for him to seek an acquittal or a new trial, and the Government made clear (Dkt. 43 at 8) its intention to seek a substantial term of imprisonment. Accordingly, the plain terms of Section 3142(a)(2) required Defendant's detention post-plea even without considering whether Defendant could provide clear and convincing evidence as to his risk of flight or danger to the community. 18 U.S.C. § 3142(a)(1).

Finally, as the Court explained on the record at Defendant's sentencing hearing, Defendant failed to show "exceptional reasons why [his] detention would not be appropriate" even if the Court was wrong in holding that Section 3145(c)'s exception was unavailable. Defendant asserted that his cooperation during the pendency of his case, significant ties to the community, enrollment in truck driving school, ongoing physical therapy, and eligibility for relief from the mandatory minimum sentence provided exceptional circumstances meriting his release. (Dkt. 37 ¶¶ 5–10, 16.) But although Defendant's community ties and involvement and efforts to better himself are commendable, they do not constitute "exceptional circumstances" within the meaning of the statute. Nor are physical therapy and eligibility for relief from the mandatory minimum so unique that they require Defendant's release; indeed, many defendants are similarly situated. Even if Section 3145(c) applied, therefore, Defendant's release would still not be warranted because

he failed to show exceptional circumstances. For these reasons, the Court finds that Defendant's detention was required despite his request to remain released pending his surrender to the Bureau of Prisons.

## III. CONCLUSION

For the reasons provided above and on the record during Defendant's sentencing hearing, the Court denies Defendant's motion (Dkt. 37) for pretrial release.

SO ORDERED in No. 21 CR 672.

Date: February 21, 2023

JOHN F. KNESS
United States District Judge